UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-CV-00601-SVW-DTBx | Date | July 2, 2013 |
|---|---|---|---|
| Title | Nathaniel Genis v. Wayne Bell et. al. | | |

JS-6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:**   IN CHAMBERS ORDER Re Motion to Dismiss First Amended Complaint filed by defendant Wayne Bell [13]

**I.   INTRODUCTION**

On March 28, 2013, Plaintiff Nathaniel Genis ("Plaintiff") commenced this action against Defendant Wayne Bell ("Defendant"), Real Estate Commissioner of California, the California Department of Real Estate ("DRE"), and the State of California. On May 13, 2013, Plaintiff filed his First Amended Complaint ("FAC"), which in effect dismissed DRE and the State of California from the case, but added Kamala D. Harris in her official capacity as Attorney General of California as a defendant.

The FAC advances three claims under 42 U.S.C. § 1983, premised on the following violations of the United States Constitution: (1) violation of the Fourteenth Amendment; (2) violation of the *ex post facto* clause, U.S. Const. Art. 1, § 9, cl. 3; and (3) violation of the Contract Clause, U.S. Const. Art. 1, § 10, cl. 1. Plaintiff, a California licensed real estate broker, principally alleges that Defendants relied on a new California statute, Cal. Bus. & Prof. Code § 10085.6, to impair Plaintiff's receipt of advance fees under a previously executed contract, requiring Plaintiff to pay $3,000.00 to his clients. Plaintiff seeks declaratory relief that the California statute is unconstitutional as applied and that he need not repay the funds. Plaintiff further requests preliminary and permanent injunctive relief to enjoin Defendants from publishing the adverse decision and from taking future disciplinary action against the him. (FAC at 16-17).

On May 29, 2013, Defendant Bell filed a Motion to Dismiss ("Motion") the FAC. (Dkt. 13). For the reasons below, the Motion is GRANTED.

//
//
//

:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-CV-00601-SVW-DTBx | Date | July 2, 2013 |
|---|---|---|---|
| Title | Nathaniel Genis v. Wayne Bell et. al. | | |

JS-6

## II.   FACTUAL ALLEGATIONS

### A.   PLS Contract with Crosswhites

On September 23, 2009, Jerry and Trenise Crosswhite (the "Crosswhites") entered into an agreement with Premier Loan Services, Inc. ("PLS"), whereby PLS agreed to negotiate a loan modification on their behalf ("Contract").  The Contract provided that PLS would perform services in three phases: (1) gathering information about the loan to be modified and the borrower's assets, to be completed within 15 days of the Contract date; (2) preparing the loan modification request, to be completed within 30 days of the Contract date; (3) procuring the modification agreement, to be completed within four months of the Contract date.  (FAC, Ex. 2 ¶ 7).[1]

Under the Contract, the Crosswhites agreed to pay $3,000.00 in advance fees to PLS in three monthly installments of $1,000.00, payable on September 23, 2009, October 23, 2009, and November 23, 2009.  (FAC ¶ 14, Ex. 2 ¶ 5).  In other words, each payment was tied to each phase described above.  The Contract further provided that Plaintiff, a licensed real estate broker employed by PLS, would be compensated out of the advanced funds: he would receive $750.00 upon completion of the first phase, and $1,050.00 upon completion of the second phase.  (FAC, Ex. 2 ¶ 5).  It is unclear at this stage what percent commission Plaintiff was to receive for the third phase.  Under the terms of the Contract, if the broker did not fulfill his obligation under each phase described above, then the advance fee for that phase must be refunded.  (FAC, Ex. 2 ¶ 7).

In any event, PLS collected all three of these payments from the Crosswhites.  (FAC ¶ 15). However, PLS never submitted a loan modification for the Crosswhites to the bank.  (FAC, Ex. 2 ¶ 7). When the bank notified the Crosswhites that the time had expired to submit all loan modification documents, they were unable to obtain a refund from PLS despite several attempts.  (Id.).

### B.   New California Statute

On October 11, 2009, two weeks after the Crosswhites signed the Contract and made their first advance payment, the California legislature enacted Section 10085.6 of the California Business and Professions Code.  Section 10085.6 provides, in pertinent part:

> [I]t shall be unlawful for any licensee who negotiates, attempts to negotiate, arranges, attempts to arrange, or otherwise offers to perform a mortgage loan

---

[1]  Although the scope of review generally is limited to the contents of the complaint, the Court may also consider exhibits submitted with the complaint.  <u>Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-CV-00601-SVW-DTBx | Date | July 2, 2013 |
|---|---|---|---|
| Title | Nathaniel Genis v. Wayne Bell et. al. | | |

JS-6

> modification . . . for a fee or other compensation paid by the borrower, to . . . [c]laim, demand, charge, collect, or receive any compensation until after the licensee has fully performed each and every service the licensee contracted to perform or represented that he, she, or it would perform.

Cal Bus & Prof Code § 10085.6(a)(1). The statute further states that "[a] violation of this section . . . is a public offense punishable by a fine not exceeding ten thousand dollars ($10,000), by imprisonment in the county jail for a term not to exceed one year, or by both that fine and imprisonment." Cal. Bus. & Prof. Code § 10085.6(b).

    **C.**    **Administrative Proceedings**

On September 13, 2011, the DRE filed an Accusation against PLS and Plaintiff, asserting a violation of § 10085.6 pursuant to Cal Bus & Prof Code § 10177(d) and/or (g).[2] (FAC ¶ 17). The Accusation asserts that after the passage of § 10085.6, it was unlawful for Plaintiff to collect the advance fees paid by the Crosswhites on October 23, 2009 and November 23, 2009. (FAC, Ex. 1 ¶ 9).

On July 11, 2012, Administrative Law Judge Ralph B. Dash ("ALJ") held an administrative hearing. (FAC, Ex. 2 at 2). At the hearing, Plaintiff stipulated that he was a designated officer of PLS from January 15, 2009 to February 17, 2010, and thus, pursuant to Cal. Bus. & Prof. Code § 10159.2, he was "responsible for the supervision and control of the activities conducted on behalf of PLS and its officers and employees as necessary to secure full compliance with the provisions of the Real Estate Law." (FAC, Ex. 2 at 2; Ex. 1 ¶¶ 3,5). Plaintiff also stipulated to the facts of the Crosswhites' loan modification agreement as described in the Accusation. (FAC, Ex. 2 at 2; Ex. 1 ¶¶ 8,9). Plaintiff argued there, as he does once again now, that because the Contract was lawful when made, § 10085.6 should not apply because that would substantially impair the contractual obligation. (FAC, Ex. 2 at 3).

On November 19, 2012, the ALJ's Proposed Decision was adopted by Defendant Bell as the Decision of the Real Estate Commissioner ("Decision"). (FAC, Ex. 2 at 1). The Decision concluded that Plaintiff was reproved for his acceptance of advance fees in violation of § 10085.6 and for his failure to refund the fees. (FAC, Ex. 2 at 7). Further, as a condition of the reproval, Plaintiff was ordered to pay the Crosswhites the sum of $3,000.00. (Id.). Plaintiff has not complied with the

---

    [2] "The commissioner may suspend or revoke the license of a real estate licensee, delay the renewal of a license of a real estate licensee, or deny the issuance of a license to an applicant, who has done any of the following . . . : (d) Willfully disregarded or violated the Real Estate Law (Part 1 (commencing with Section 10000)). . . (g) Demonstrated negligence or incompetence in performing an act for which he or she is required to hold a license." Cal. Bus. & Prof. Code § 10177(d),(g).

    :

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-CV-00601-SVW-DTBx | Date | July 2, 2013 |
|---|---|---|---|
| Title | Nathaniel Genis v. Wayne Bell et. al. | | |

JS-6

Decision.³ (Dkt. 15 at 17).

### III.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. Fed. R. Civ. Proc. 12(b)(6). Dismissal is proper where there is a "'lack of a cognizable legal theory'" or "'the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990)). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This determination has two steps.

First, the court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Id. (internal quotation marks omitted). Moreover, "[t]he court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (internal citation omitted). However, well-pleaded factual "[a]llegations in the complaint, together with reasonable inferences therefrom, are assumed to be true for purposes of the motion." Odom v. Microsoft Corp., 486 F.3d 541, 545 (9th Cir. 2007).

Second, the court must address whether the well-pleaded facts, and reasonable inferences therefrom, give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

---

³ Plaintiff filed a Petition for Writ of Mandate in state court to appeal the Decision on February 8, 2013, but later dismissed the petition upon realizing it was untimely filed. (Dkt. 14 at 6). A court may take judicial notice of the existence of another court's opinion or of the filing of pleadings in related proceedings; the Court may not, however, accept as true the facts found or alleged in such documents. Wyatt v. Terhune, 315 F.3d 1108, 1114 (9th Cir. 2003) (citing M/V Am. Queen v. San Diego Marine Constr. Corp., 708 F.2d 1483, 1491 (9th Cir. 1983)).

:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-CV-00601-SVW-DTBx | Date | July 2, 2013 |
|---|---|---|---|
| Title | Nathaniel Genis v. Wayne Bell et. al. | | |

JS-6

### IV.   DISCUSSION

Defendant argues that Plaintiff's FAC must be dismissed for two reasons.  First, because this lawsuit is brought against state officials in their official capacity, Defendant argues the Eleventh Amendment limits Plaintiff's claims only to the request for declaratory relief and prospective injunctive relief.  Second, Defendant contends that Plaintiff fails to state a claim for any constitutional violation warranting such relief.  The Court addresses these arguments in turn.

####   A.   Eleventh Amendment Sovereign Immunity

The parties agree that in Ex Parte Young, 209 U.S. 123 (1908), the Supreme Court recognized an exception to the doctrine of sovereign immunity, holding that the Eleventh Amendment does not bar civil actions against state officers in their official capacities if the plaintiff seeks only a declaratory judgment or prospective injunctive relief to enjoin an ongoing violation of federal law.  Agua Caliente Band of Cahuilla Indians v. Health, 223 F.3d 1041, 1045 (9th Cir. 2000).  Rather, the parties dispute whether there is an ongoing alleged violation of federal law.

Plaintiff seeks prospective injunctive relief against Defendants to enjoin their continued efforts to enforce the November 19 Decision, which he contends interferes with his constitutional rights.  Plaintiff has not complied with the Decision, and the Decision's public reproval of Plaintiff continues to be posted on the DRE's website.  Defendants have neither withdrawn the Decision nor indicated that they will not enforce it.  This suffices, in the Court's view, to allege an ongoing violation of federal law that would be redressed by declaratory or prospective injunctive relief.  Accordingly, the Eleventh Amendment does not bar Plaintiff's § 1983 claims.[4]

####   B.   Claims under 42 U.S.C. § 1983

The Court now turns to Defendant's argument that Plaintiff has failed to state a claim warranting such prospective relief.  "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law."  Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  Given the absence of dispute regarding the second prong, the Court focuses on whether any constitutional violation has been adequately pled.

---

[4] For similar reasons, the Court rejects Defendant's claim that no case or controversy exists to support declaratory relief.  Plaintiff objects to his public reproval and refuses to comply with the monetary sanction set forth in Defendant's November 19 Decision, and there is no evidence that Defendant has withdrawn that Decision.  A real dispute of sufficient immediacy exists.

                                                                                                :

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-CV-00601-SVW-DTBx | Date | July 2, 2013 |
|---|---|---|---|
| Title | Nathaniel Genis v. Wayne Bell et. al. | | |

JS-6

1. <u>Fourteenth Amendment Violation</u>

Plaintiff alleges that his substantive due process rights were violated in two ways. First, he alleges that Defendants deprived him of his "vested property right" to the advance fees under the Contract. Second, he alleges that § 10085.6 violates due process because it is void for vagueness. (FAC ¶¶ 26-33).

       i.    *Property Right*

To state a substantive due process claim, a plaintiff must allege (1) "that a state actor deprived it of a constitutionally protected . . . property interest," <u>Shanks</u> <u>v.</u> <u>Dressel</u>, 540 F.3d 1082, 1087 (9th Cir. 2008), and (2) that the governmental action was "arbitrary and capricious," <u>Halverson</u> <u>v.</u> <u>Skagit</u> <u>Cnty.</u>, 42 F.3d 1257, 1261 (9th Cir. 1995). Here, even if Plaintiff can show that a state actor deprived him of a constitutionally protected property interest, he cannot show that the governmental action was "arbitrary or capricious."

The phrase "arbitrary and capricious" has a narrow meaning in this context. Substantive due process protection is usually reserved for the vindication of fundamental rights, such as matters relating to marriage, family, procreation, and bodily integrity. <u>Albright</u> <u>v.</u> <u>Oliver</u>, 510 U.S. 266, 272 (1994). Therefore, where, as here, a plaintiff relies on substantive due process to challenge governmental actions that do not impinge on such fundamental rights, a court must "merely look to see whether the government could have a legitimate reason for acting as it did." <u>Halverson</u>, 42 F.3d at 1262. In other words, the Complaint must allege facts showing that Defendants "could have had no legitimate reason for [their] decision." <u>Id.</u> (internal citation and quotation marks omitted).

Plaintiff's alleged facts, together with the attached exhibits, foreclose any plausible inference of "arbitrary or capricious" conduct. Even construing the FAC in Plaintiff's favor, the Court cannot deny that Defendant "could have had a legitimate reason" for enforcing § 10085.6 to alter the timing of fee collection set forth in the pre-existing Contract. "Retroactive legislation does not violate substantive due process, [p]rovided that the retroactive application of a statute is supported by a legitimate legislative purpose furthered by rational means." <u>Bowers</u> <u>v.</u> <u>Whitman</u>, 671 F.3d 905, 916-917 (9th Cir. 2012). Here, the Decision recounted that the very purpose of section 10085.6 was to crack down on "individuals and businesses who were preying on troubled borrowers by charging them up-front, often nonrefundable fees, under the guise of helping the borrowers obtain loan modifications. . . . SB 94 addressed that problem, by prohibiting those who sought to charge borrowers a fee for helping negotiate a loan modification or other form of mortgage loan forbearance from collecting their fee until they performed all agreed-upon services." (FAC, Ex. 2 at 3-4). Given that § 10085.6 was enacted to address the very problem that arose in this case, the Court cannot deny that Defendant's retroactive application of the statute rationally furthered the legitimate legislative purpose of the statute. Moreover, given that

                                                                                                                                                                                                                     :

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-CV-00601-SVW-DTBx | Date | July 2, 2013 |
|---|---|---|---|
| Title | Nathaniel Genis v. Wayne Bell et. al. | | |

JS-6

Defendant was authorized to impose a fine of up to $10,000.00 and jail time, the fact that Defendant only ordered repayment of $3,000.00 after conducting a full hearing in which Plaintiff was represented by counsel, further weakens any inference of arbitrary or capricious conduct. Accordingly, this claim fails as a matter of law.

   *ii.*  *Void for Vagueness*

  A statute is void for vagueness "if it fails to give adequate notice to people of ordinary intelligence concerning the conduct it proscribes or if it invites arbitrary and discriminatory enforcement." United States v. Doremus, 888 F.2d 630, 634 (9th Cir.1989), cert. denied, 498 U.S. 1046 (1991). "Outside the First Amendment context, a plaintiff alleging facial vagueness must show that the enactment is impermissibly vague in all its applications." Castro v. Terhune, 712 F.3d 1304, 1310 (9th Cir. 2013).
  Plaintiff has not met this standard. He alleges that the statutory text does not clearly indicate that the statute applies to pre-existing contracts. Even if this were true, it does not establish that the statute is vague *in all its applications.* By Plaintiff's own argument, the statute would *not* be vague as applied to contracts that post-date the statute. Moreover, the statute plainly aims to have sweeping effect. It forbids "any" licensee who offers to perform a loan modification to collect "any" compensation until after the licensee has "fully performed each and every service the licensee contracted to perform." For these reasons, Plaintiff's vagueness argument fails.

   2.  Contract Clause Violation

  Plaintiff next alleges that the Defendant's Decision violates the Contract Clause, U.S. Const. Art. 1, § 10, cl. 1. Although Defendant does not raise the argument, the Court notes that this claim is likely precluded because Plaintiff raised the same argument before the ALJ. "In order to have preclusive effect in federal court, the findings of a state administrative agency must satisfy both the state preclusion requirements and the requirements of fairness outlined in [United States v. Utah Construction & Mining Co., 384 U.S. 394 (1966)]." See Misischia v. Pirie, 60 F.3d 626, 629 (9th Cir.1995). However, because California has also adopted the Utah Construction standard, Miller v. County of Santa Cruz, 39 F.3d 1030, 1033 (9th Cir. 1994), the Court proceeds to the Utah Construction factors.

  "The fairness requirements of Utah Construction are: (1) that the administrative agency act in a judicial capacity, (2) that the agency resolve disputed issues of fact properly before it, and (3) that the parties have an adequate opportunity to litigate." Miller, 39 F.3d at 1033. Here, the factors are met. Defendant adopted the Decision containing findings of fact and conclusions of law, which was written by an ALJ after he held a hearing. The parties stipulated to the material facts as stated in the Accusation. Plaintiff, who was represented by counsel, had the opportunity to argue, and did argue that Defendant's retroactive application of § 10086.5 violates the Contract Clause. (FAC, Ex. 2 at 1, 3, 4).

                               :  
                            _____  _____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-CV-00601-SVW-DTBx | Date | July 2, 2013 |
|---|---|---|---|
| Title | Nathaniel Genis v. Wayne Bell et. al. | | |

JS-6

Accordingly, the Decision's rejection of this claim is entitled to preclusive effect.

Even if this claim is not precluded, it is not sufficiently pled. To determine whether the Contract Clause was violated by a state law, the Court engages in a two-step analysis. First, the Court must determine whether the state law has "operated as a substantial impairment of a contractual relationship." RUI One Corp. v. City of Berkeley, 371 F.3d 1137, 1147 (9th Cir. 2004). "Minimal alteration of contractual obligations may end the inquiry at its first stage." Allied Structural Steel Co. v. Spannaus, 438 U.S. 234, 244 (1978). "Severe impairment, on the other hand, will push the inquiry to a careful examination of the nature and purpose of the state legislation." Id. At the second step, the court must inquire whether "whether the impairment is both reasonable and necessary to fulfill an important public purpose." In re Seltzer, 104 F.3d 234, 236 (9th Cir. 1996). Where, as here, the state is not a party to the subject contract, the party challenging the statute has the burden to show that the government interest does not justify the impairment. Id.

Here, section 10085.6 posed, at best, a minimal impairment to the Contract. Under the statute, PLS was still entitled to collect the same amount of total fees, it simply could not collect any portion of those fees until it actually completed the loan modification. Nothing in the statute frustrated PLS's ability to complete a loan modification and thereby earn its fees. Furthermore, as already discussed, the parties do not genuinely dispute that, in 2009, California had a strong and legitimate interest in regulating real estate brokers through § 10085.6. (FAC Ex. 2 at 4). Finally, the Court has detected no allegations that suggest that the impairment to the Contract's payment timing was not a reasonable and appropriate way to curb the public harm at issue. Plaintiff has alleged no facts nor raised any argument to the contrary. Accordingly, even accepting Plaintiff's allegations as true, Plaintiff fails to state a plausible claim to relief as a matter of law.

    3.    *Ex Post Facto Law*

The ex post facto provision of the U.S. Constitution, Art. 1, § 9, cl. 3, forbids Congress to enact any law "which imposes punishment for an act which was not punishable at the time it was committed, or imposes additional punishment to that then prescribed." Weaver v. Graham, 450 U.S. 24, 28 (1981). Plaintiff argues that Defendants violated the ex post facto clause by relying on § 10085.6 to criminalize conduct that pre-dates the passage of the statute. Specifically, Plaintiff argues that Defendants ordered Plaintiff to "refund 100% of the contract price," or $3,000.00, even though Defendants acknowledge that the first advance payment on September 23, 2009, was legal because it pre-dated the new statute.

A close reading of the Decision forecloses Plaintiff's claim. The Decisions explicitly states that: "when Respondent, on behalf of Premiere, accepted advance payments of $1,000 each on October 23, 2009 and November 23, 2009, . . . he violated the provisions of Code section 10085.6." (FAC, Ex. 2 at 6). Notably, the Decision clarified that "it was lawful for Premier to accept the Crosswhites first

    :

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:13-CV-00601-SVW-DTBx | Date | July 2, 2013 |
|---|---|---|---|
| Title | Nathaniel Genis v. Wayne Bell et. al. | | |

JS-6

advance payment which was made, as set forth in Finding 5, on September 23, 2009." (Id.). Thus, the Decision clearly does *not* criminalize the pre-statute conduct. Rather, the Decision imposes punishment for the two violations that post-date the statute, which were punishable at the time they were committed. The fact that the Decision imposed a $3,000.00 sanction for those two violations does not mean that it also imposed punishment for the pre-statute conduct. Indeed, the ALJ could have recommended a fine up to $10,000.00 per violation. Cal. Bus. & Prof. Code § 10085.6(b). Therefore, Plaintiff's own pleadings foreclose the ex post facto claim.

**V.     CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss the FAC is GRANTED. Further, because the deficiencies identified herein apply with even force to Defendant Harris, the FAC is DISMISSED as to all Defendants. See Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) (where court grants motion to dismiss as to one defendant, court may dismiss claims against nonmoving defendants "in a position similar to that of moving defendants").

Given the insufficiency of the FAC, the request for preliminary injunctive relief is DENIED because Plaintiff cannot demonstrate any potential for success on the merits. See Meyer v. Portfolio Recovery Associates, LLC, 707 F.3d 1036, 1043 (9th Cir. 2012).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, the Court may deny leave to amend where it would be futile. See Desoto, 957 F.2d at 658; Schreiber, 806 F.2d at 1401. Here, given that the deficiencies identified by the Court are essentially legal in nature, and because the facts are largely undisputed and captured by the attached exhibits, the Court finds that giving Plaintiff an opportunity to amend would be futile. Accordingly, the FAC is DISMISSED WITH PREJUDICE.

: